**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH HATHORN NUCCIO, | No. 14-15684 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-02652-TLN-KJN |
| v. | |
| M. D. MCDONALD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 6, 2016[**]
San Francisco, California

Before: KOZINSKI, NOONAN, and O'SCANNLAIN, Circuit Judges.

Joseph Nuccio appeals the denial of his petition for writ of habeas corpus

under 28 U.S.C. § 2254. Nuccio's petition challenges his first-degree murder

conviction for the death of Jody Zunino on the grounds that the state violated the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sixth Amendment's Compulsory Process Clause when it failed to ensure defense witness Terry Sprinkle's attendance at trial.

1.     Even assuming Supreme Court precedent clearly establishes the state's duty to assist the defense in compelling a witness's attendance at trial, Nuccio's Compulsory Process Clause claim fails because he did not establish that Sprinkle's testimony would have been either material or favorable to Nuccio's defense. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Sprinkle's statement "that he was going to take his wife to North Dakota and [nobody would ever] get [them] into court" suggests he would have refused to testify at Nuccio's trial pursuant to the Fifth Amendment privilege against self-incrimination.  In addition, the trial court held that it would only allow Sprinkle to testify about his statement that any blood in the back of his Bronco would have come from intravenous drug users or his having once slapped a prostitute, and why he initially denied knowing Zunino.  However, these topics were unlikely to produce material evidence.  No blood was ever found in Sprinkle's Bronco—only a stain that turned out to be soda.  And as noted by the California Court of Appeal, "the fact [that Sprinkle] slapped a prostitute in the past does little, if anything, to tie him to this murder."  Similarly, that Sprinkle initially denied knowing Zunino despite being told that they had attended high school together would have been

2

immaterial in light of the overall strength of the prosecution's case against Nuccio. Sprinkle's home and Bronco were searched soon after the murder took place, but no evidence was ever uncovered. Nuccio's Blazer's tire tread marks were "consistent with" the tread marks found on and around Zunino's body, while Sprinkle's Bronco had tires inconsistent with those found at the crime scene. Nuccio's semen—not Sprinkle's—was found in Zunino's rectum. The California Court of Appeal thus reasonably concluded that Sprinkle's testimony would not have been material or favorable to the defense such that Nuccio's claim fails under 28 U.S.C. § 2254(d)(1).

2.      Nuccio's claim that the California Court of Appeal's decision was based on an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2) also fails. Even assuming the court's finding that the prosecutor had done "everything he was supposed to do" to arrest Sprinkle was unreasonable, the court also reasonably concluded that Sprinkle's absence did not affect the trial court's decision. The court of appeal therefore did not "base" its decision on an unreasonable determination of fact.

The judgment of the district court denying Nuccio's habeas petition is **AFFIRMED**.